**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DAVID HARRIS,**

    **Plaintiff,**

v.                                                 **CASE NO. 4:07-cv-539-SPM/AK**

**J. SWARTZ,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff filed an amended complaint on February 27, 2009, alleging that Defendant Swartz was deliberately indifferent to his medical needs. (Doc. 17). The Court served the complaint and a Notice of Appearance was entered on April 27, 2009. (Doc. 25). Defendant moved to stay the proceedings and to compel Plaintiff to execute a medical release so they could properly answer the complaint. (Doc. 26). According to Defendant, the release was returned unsigned and "undeliverable." The mailing address is the same address the Court has for Plaintiff. Consequently, the Court entered a show cause order warning Plaintiff that he had placed his medical condition at issue and must allow Defendant to access his medical records if he wished to proceed with this lawsuit. (Doc. 27). This Order was not returned by the United States Postal Service and Plaintiff has not responded to it as directed.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute. Link v. Wabash Railroad, 370 U.S. 626, 82 S. Ct. 1386, 8 L.Ed2d 734 (1962). Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for

failure to obey a court order. Plaintiff has not responded to the motion regarding his signing a medical release nor has he complied with the Court's order directing him to show cause why this matter should not be dismissed for failing to sign this release. Consequently, this case should be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice.

**IN CHAMBERS** at Gainesville, Florida, this 21st Day of August, 2009.

s/ A Kornblum
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**